**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Chisholm,  Plaintiff,  v.  Commissioner of Social Security Administration,  Defendant. | No. CV-19-08010-PCT-JAT  **ORDER** |

Pending before the Court is Plaintiff's Attorney's First Amended Motion for Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 21). The government filed a response offering an analysis to assist this Court. (Doc. 23). Plaintiff's counsel replied. (Doc. 24). After this Court ordered supplemental briefing on April 4, 2022, (Doc. 25), both parties filed supplemental responses (Docs. 28, 29). The Court now rules.

**I.   BACKGROUND**

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1). After the parties submitted briefing (Docs. 13, 14, 15), the Court entered an order reversing the ALJ's decision and remanding this matter for further administrative proceedings and the Clerk of the Court entered judgment in this case (Docs. 16, 17). On remand, the ALJ issued a fully favorable disability decision, finding Plaintiff disabled as of April 22, 2014. (*See* Doc. 21 at 2). Thereafter, the Commissioner issued a Notice of Award in the amount of $181,254.00 for past-due benefits and indicated that $36,218.50 has been withheld for payment of

attorney's fees. (Doc. 21-1 at 2).[1]

Plaintiff's counsel seeks a total fee award of $45,313.50, equal to 25% of Plaintiff's back pay, but is requesting that Defendant "subtract the amount actually paid as [Equal Access to Justice Act (EAJA)] fees, which totals $6,600," and send the remaining balance, or $38,713.50, to Plaintiff's counsel. (Doc. 21 at 13). For the following reasons the Court will grant the Plaintiff's motion requesting fees in the amount of $45,313.50 but deny Plaintiff's request for an EAJA fee offset.

## II.   APPLICABLE LAW AND ANALYSIS

A court entering judgment in favor of a social security claimant represented by counsel "may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may take a downward departure from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the result achieved. *Gisbrecht*, 535 U.S. at 808. Courts may also consider the number of hours spent representing the claimant and the lawyer's normal hourly billing rate for non-

---

[1] As the government conceded in its supplemental brief, the government incorrectly withheld less than 25 percent of the total fee award. (Doc. 28 at 2).

contingent-fee cases, but this information does not control the reasonableness determination. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

Applying the *Gisbrecht* factors, the fee requested is reasonable here. Plaintiff contracted to pay 25 percent of past-due benefits on a contingent fee basis for work performed by Plaintiff's counsel in this action. (Doc. 21-3 at 1). Plaintiff's counsel seeks $45,313.50, or 25% of the past-due amount awarded to Plaintiff. Counsel's itemization of services indicates 46.85 hours of services rendered. (Doc. 21-2 at 3). Based on the hours expended and given the offset from the EAJA fee award that will be refunded to Plaintiff, counsel's effective hourly rate for this work is $826.33, amounting to a 21.4% contingency fee. This amount is in line with effective hourly rates previously approved by the Ninth Circuit. *See Young v. Colvin*, No. CV–11–538–PHX–SMM, 2014 WL 590335, at *1 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel. Counsel successfully convinced this Court that the ALJ's disability determination was in error. There is also no indication of substandard performance or undue delay in prosecuting Plaintiff's case. *Crawford*, 586 F.3d at 1151. Moreover, Plaintiff's counsel avers that he expended effort attempting to procure a notice of award in this case after the government failed to timely provide it, and when it was finally issued, Plaintiff's counsel had to analyze the government's erroneous calculations within. (Doc. 24 at 1). Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $45,313.50 is reasonable.

The Court notes that Plaintiff's counsel requests the Court to allow him to offset the $6,600 awarded under the EAJA against the allowed fees here, resulting in a net attorney's fees award of $38,713.50. (Doc. 21 at 13). The government opposes this request for a net award as "not permissible under § 406(b)," but makes no arguments regarding the

reasonableness of the requested fees otherwise. (Doc. 23 at 4). In reply, Plaintiff cites to no precedent authorizing this Court to award Plaintiff's counsel a net attorney's fee award but asserts that there is no authority forbidding such a net award.[2] (Doc. 24 at 1).

The Court agrees with the government that such an offset is not permissible under *Gisbrecht*, which requires: "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quotations omitted). Here, the EAJA award is the smaller fee, so it must be refunded back to Plaintiff upon Plaintiff's counsel's receipt of the attorney's fees awarded by this Order.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's Attorney's First Amended Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 21) is **GRANTED** in the amount of $45,313,50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act, in the amount of $6,600.00.

Dated this 18th day of May, 2022.

*James A. Teilborg*
Senior United States District Judge

---

[2] Although the government appears to make additional arguments related to the fee offset in its supplemental brief, the Court did not ask for supplemental briefing on this issue and has not considered these arguments in making its decision.